UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK CHEATWOOD                                                                                         PLAINTIFF

v.                                              No. 2:19-CV-02088

DR. DANIEL MWANZA and
DR. MICHELLE HORAN                                                                                  DEFENDANTS

**OPINION AND ORDER**

Before the Court are three motions in limine. Defendant Dr. Daniel Mwanza filed a motion (Doc. 184) in limine and a brief in support (Doc. 185). Defendant Dr. Michelle Horan filed a motion (Doc. 186) in limine and Plaintiff Mark Cheatwood filed a motion (Doc. 188) in limine. Plaintiff filed a response (Doc. 190) to Defendants' motions.[1] Defendants also filed a joint motion (Doc. 198) to exclude Plaintiff's deposition designations (Doc. 179). For the reasons set forth below, the motions in limine will be denied and the motion to exclude deposition designations will be granted.

On many of the issues raised in the motions there is no apparent dispute, and so no ruling is necessary. With respect to many of the evidentiary issues that may remain in dispute, the motions attempt to eliminate the need for objections at trial but neither the parties nor the Court can be expected to know with certainty what evidence, testimony, or argument will be offered at trial. When evidentiary issues are almost entirely speculative, an order in limine on admissibility amounts to little more than an order directing the parties to abide by the Federal Rules of Evidence.

---

[1] Plaintiff's response, while characterized as a response, appears to be a second motion in limine arguing against introduction of payments made to Plaintiff by the City of Fort Smith. Because the City of Fort Smith is not participating at trial, no ruling is necessary on Plaintiff's second motion. The portion of the response directly related to Defendants' motion in limine does not offer any substantive argument.

1

The Court begins each trial with the expectation that the parties will try their case in accordance with the Rules, and absent a properly-supported need to enter a "follow the Rules" order, will refrain from doing so. The parties may raise objections as necessary at trial, and the Court will consider issues raised at that time.

Defendants argue Plaintiff should be prohibited from testifying to and presenting to the jury any medicals bill because Plaintiff did not provide a computation of alleged damages required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and Ark. Code Ann. § 16-114-206(b). Rule 37(c)(1) allows the Court to impose sanctions against a party who fails to disclose or supplement any required disclosure under Rule 26. Defendant Dr. Mwanza argues the Court should exclude this evidence as a Rule 37(c) sanction. Defendant Dr. Horan argues the Court should exclude the medical bills because Plaintiff has not demonstrated any medical expenses were causally related to Plaintiff's claim of medical negligence. Although Plaintiff failed to provide the required computation, there is no argument that Plaintiff failed to provide the medical bills during discovery. Because the defendants received medical bills during discovery and can calculate an approximation of the medical bill totals, the Court will not exclude the medical bills as a sanction. Plaintiff, however, is reminded of his burden of proof and the Federal Rules of Evidence. To recover medical expenses, a plaintiff must show the medical expenses are reasonable and necessary. *See Ponder v. Cartmell*, 784 S.W.2d 758, 761 (Ark. 1990). "Necessary means causally related to the tortfeasor's negligence." *Id.* (internal quotations and citation omitted). To the extent Plaintiff attempts to proffer medical bills at trial without demonstrating the bills were caused by the alleged negligence, the Court will deny the proffer.

Defendants next argue Plaintiff's expert, Dr. Jeffrey Cain, should be prohibited from testifying regarding statements of other experts. Dr. Cain's case summary provided to Defendants

stated that Dr. Cain consulted eleven other physicians and those physicians agreed with Dr. Cain's standard of care opinions. Although an expert can rely on hearsay to form an opinion, the Court will not allow Dr. Cain to testify as to another physician's opinion. *See* Fed. R. Evid. 703; *Tokio Marine & Fire Ins. Co., Ltd. v. Norfolk & W. Ry. Co.*, 172 F.3d 44, at *4 (4th Cir. 1999) ("[O]ne expert may not give the opinion of another expert who does not testify."). The remainder of the opposed issues in the motions in limine will be denied without prejudice to the parties making a motion during trial.

Defendants filed a joint motion to exclude Plaintiff's deposition designations. Specifically, Defendants request the Court exclude Plaintiff's deposition designations from the following medical providers: Tulsa Spine & Specialty Hospital, University of Arkansas for Medical Sciences, Occupational Health Clinic, Oklahoma Spine & Brain Institute, Trauma Services of Oklahoma, P.C., Northeastern Health Systems Sequoyah f/k/a Sequoyah Memorial Hospital, Sparks Regional Medical Center, Baptist Health – Fort Smith, Select Specialty Hospital – Fort Smith, Encompass Health Rehabilitation Hospital of Fort Smith f/k/a Healthsouth Rehabilitation Hospital. Defendants' motion represents the records produced by the above providers are not causally related to Plaintiff's allegation of medical malpractice. Specifically, Defendants say these records are for damages unrelated to Plaintiff's amputation. The Court agrees and the deposition designations from the above providers will be excluded absent any showing by Plaintiff at trial that these designations are related to Plaintiff's amputation.

IT IS THEREFORE ORDERED that the motions in limine (Docs. 184, 186, and 188) are DENIED without prejudice to renewed motions at trial.

IT IS FURTHER ORDERED that Defendants' joint motion (Doc. 189) to exclude deposition designations is GRANTED as stated herein.

IT IS SO ORDERED this 16th day of February, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE