UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK CHEATWOOD                                                                                    PLAINTIFF

v.                                          Case No. 2:19-CV-02088

DR. DANIEL MWANZA and
DR. MICHELLE HORAN                                                                              DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendants Dr. Daniel Mwanza and Dr. Michelle Horan's joint motion (Doc. 195) to strike witnesses from testifying at trial. Plaintiff filed a response (Doc. 197) and brief (Doc. 198) in opposition. For the reasons set forth below, the motion will be granted.

Trial is set to begin tomorrow, Tuesday, February 22, 2022, at 9:00 am. Defendants' motion represents Plaintiff's counsel, at 5:14 pm on Thursday, February 17, 2022, informed Defendants' counsel, via email, that Plaintiff issued trial subpoenas for Dr. John Harp and Dr. Arthur Johnson to appear and testify at trial. Neither Dr. Harp nor Dr. Johnson were listed on Plaintiff's pretrial disclosure (Doc. 180) as potential witnesses or on the final witness list Plaintiff's counsel submitted to the Court on Friday, February 18, 2022. Dr. Johnson was Plaintiff's treating neurosurgeon and Dr. Harp was Plaintiff's treating orthopedist during the emergency room visit that is the basis of this medical malpractice action. Defendants did not list Dr. Johnson and Dr. Harp on their pretrial disclosures or witness list.

"The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to the judge's control over the case." *Sellers v. Mineta*, 350 F.3d 706, 711 (8th Cir. 2003) (citing *Boardman v. Nat'l Med. Enters.*, 106 F.3d 840, 843 (8th Cir. 1997)). "Under Federal Rule of Civil Procedure 37(c)(1), the Court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is

1

substantially justified or harmless." *Jamison v. Depositors Ins. Co.*, 14-CV-3009, 2016 WL 366185, at *3 (D. Neb. July 5, 2016) (citing *Wegner v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). To determine if the failure was substantially justified or harmless, the court considers "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* Further the court must consider if a continuance is useful. *Amplatz v. Country Mut. Ins. Co.*, 823 F.3d 1167, 1172 (8th Cir. 2016). "[T]he party who is alleged to have failed to comply with Rule 26 bears the burden to show that its actions were substantially justified or harmless." *In re Air Crash Near Kirksville, Mo.*, No. 05MD1702, 2007 WL 2363505, at *4 (E.D. Mo. Aug. 16, 2007) (internal quotations and citations omitted).

Plaintiff has failed to offer any argument to show their failure to disclose Dr. Johnson or Dr. Harp as witnesses is justified or harmless. Instead, Plaintiff argues because Defendants identified these two witnesses in their disclosures there is no prejudice to Defendants. The Court is left to assume Plaintiff means Defendants' initial Rule 26 disclosures because neither Defendants pretrial disclosure sheets nor their witness list disclose Dr. Johnson or Dr. Harp. Even if Defendants disclosed these two witnesses, Plaintiff does not explain why Plaintiff's counsel failed to disclose these witnesses on any pretrial filings with the Court, as required by the Court's final scheduling order.

Plaintiff's response states these two witnesses will be offered as rebuttal witnesses, and because they are rebuttal witnesses the disclosure rules are relaxed. Further, Plaintiff argues he should be able to call these witnesses during his case-in-chief because there is no prejudice to Defendants. The Court disagrees. The disclosure obligation of Rule 26(a)(1) "applies to claims and defenses, and therefore requires a party to disclose information it may use to support its denial

or **rebuttal** of the allegations, claim, or defense of another party." Fed. R. Civ. P. 26(a)(1) cmt. to 2000 amendments (emphasis added).  A rebuttal witnesses differs from a case-in-chief witness in that "rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759-60 (8th Cir.) (internal citations and quotations omitted).  "[R]ebuttal witnesses are oftentimes not known until after the trial is commenced because the need to call such a witness may not arise until the opposing party introduces an argument in issue or a fact during the course of the trial which must now, unexpectedly, be rebutted." *Wildman v. Am. Century Servs., LLC*, No. 16-CV-00737, 2018 WL 4008990, at *3 (W.D. Mo. Aug. 22, 2018).  However, that is not the case here.  These witnesses were two of Plaintiff's treating physicians that Plaintiff's counsel has been aware of for years.  The only feasible conclusion is Plaintiff is attempting to circumvent the Court's orders and the Federal Rules of Civil Procedure by presenting these witnesses as rebuttal witnesses only to redesignate them as case-in-chief witnesses.  Plaintiff's own argument that he should be allowed to call these witness in his case-in-chief bolsters this conclusion.  The Court notes Plaintiff's arguments that there might be some unexpected testimony by Defendants' experts would be more compelling if Plaintiff had chosen to depose Defendants' experts.

This case was initiated on July 9, 2019, and is the oldest case on the undersigned's docket.  The Court has entered five separate final scheduling orders and trial has been continued each time.  Although the COVID-19 pandemic caused a number of continuances, Plaintiff's counsel's failure to abide by the Federal Rules of Civil Procedure has also contributed.  Further, the docket is rife with examples of Plaintiff's counsel's failure to follow this Court's rules or the Federal Rules of Civil Procedure and an overall sense of gamesmanship and lack of cooperation with opposing counsel permeates this litigation.  *See* (Doc. 30) (failure to properly allege jurisdiction following

a court order); (Doc. 51) (failure to properly file a motion to dismiss under Fed. R. Civ. P. 41); (Doc. 68) (failure to comply with Court deadlines); (Doc. 76) failure to comply with Court deadlines and participate in discovery); (Doc. 79) (failure to respond to defense counsel's request for protective order); (Doc. 86) (highlighting Plaintiff's counsel's failure to participate in discovery, failure to follow Court's scheduling order, and disregard of deadlines); (Doc. 134) (failure to follow Court's scheduling order). A continuance would not be useful and would only reward counsel's dilatory approach. After consideration of the above stated factors—including the reason for the noncompliance, surprise and unfair prejudice to Defendants—the Court finds Plaintiff's failure to follow the Court's pretrial orders and the Federal Rules of Civil Procedure is not justified or harmless. The witnesses will, therefore, be excluded from testifying at trial.

Plaintiff's response states a Daubert hearing may be required may be necessary "given the Defendant's change of heart with respect to some of its experts." Plaintiff is reminded that all motions, except for motions in limine were due on or before September 21, 2020. Motions in limine were due on or before February 7, 2022. The Court will not hold a Daubert hearing, instead, Plaintiff may attack the expert's qualifications and opinions through the appropriate means of "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

IT IS THEREFORE ORDERED that the motion (Doc. 195) to continue is GRANTED. Plaintiff is not allowed to call Dr. John Harp and Dr. Arthur Johnson as witnesses at trial.

IT IS SO ORDERED this 21st day of February, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

4