UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK CHEATWOOD                                                                                           PLAINTIFF

v.                                            No. 2:19-CV-02088

DR. DANIEL MWANZA and
DR. MICHELLE HORAN                                                                                  DEFENDANTS

**OPINION AND ORDER**

The jury trial of this matter was previously set to begin on February 22, 2022, before inclement weather resulted in its cancellation and continuance to October 3, 2022. During the weeks leading up to that previous trial date, the parties filed various motions in limine. Plaintiff Mark Cheatwood's February 7 motion in limine (Doc. 188) was essentially a list of generic requests for this Court to order the parties to follow various Federal Rules of Evidence. Since it is not the Court's practice to enter such orders, the Court denied that motion without prejudice to the parties' right to make appropriate objections at appropriate times during trial. *See* Doc. 193, pp. 1–2. Mr. Cheatwood has now filed a renewed motion in limine (Doc. 208) which is identical to his previous one. That motion is denied without prejudice for the same reasons given in this Court's February 16 opinion and order. *See* Doc. 193, pp. 1–2.

Also before the Court is a renewed motion in limine (Doc. 204) filed by Defendants Daniel Mwanza and Michelle Horan. On February 7, both Defendants filed motions in limine (Docs. 184, 186) asking, among other things, for this Court to prohibit Mr. Cheatwood from presenting any evidence or argument regarding medical bills or expenses being recoverable due to any medical negligence or claim in his complaint. The Defendants argued they were entitled to this relief because although Mr. Cheatwood provided them his medical bills in discovery he failed to provide a computation of alleged damages as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii)

1

and Ark. Code Ann. § 16-114-206(b).  The Court declined to enter this sanction because the Defendants received Mr. Cheatwood's medical bills during discovery and could perform their own damage calculations from them.  *See* Doc. 193, p. 2.  However, the Court reminded Mr. Cheatwood of his burden of proof and the Federal Rules of Evidence, and cautioned that "[t]o the extent Plaintiff attempts to proffer medical bills at trial without demonstrating the bills were caused by the alleged negligence, the Court will deny the proffer."  *See id.*

In their renewed motion in limine, Drs. Mwanza and Horan have asked the Court to revisit its prior ruling regarding medical bills or expenses.  They assert that Mr. Cheatwood, "despite having six months [since the continuance] to do so, did not supplement his discovery with the required computation of damages or otherwise inform Defendants of which bills he believes were related to the alleged negligence." (Doc. 204, ¶ 8).  Mr. Cheatwood, in his response, states that he "believes that all of the bills he has disclosed are recoverable." (Doc. 211, ¶ 2).  The Court's ruling will remain what it was before; the Court is not well-positioned to anticipate the strength of Mr. Cheatwood's proof at trial and will not prejudge the evidence.  However, the Court again reminds Mr. Cheatwood of his burden of proof and the Federal Rules of Evidence, and again cautions him that to the extent he attempts to proffer medical bills at trial without demonstrating the bills were caused by the alleged negligence, the Court will deny the proffer.

IT IS THEREFORE ORDERED that Defendants Daniel Mwanza and Michelle Horan's joint motion in limine (Doc. 204) and Plaintiff Mark Cheatwood's motion in limine (Doc. 208) are both DENIED.

IT IS SO ORDERED this 14th day of September, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE